**Dee Ann SUMMERS, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 02–3187.

United States Court of Appeals, Federal Circuit.

Oct. 11, 2002.

Before SCHALL, BRYSON, and LINN, Circuit Judges.

## DECISION

PER CURIAM.

Dee Ann Summers petitions for review of the final decision of the Merit Systems Protection Board ("Board") that affirmed the Office of Personnel Management's ("OPM's") denial of her application for disability retirement. *Summers v. Office of Pers. Mgmt.*, No. SF–884E–01–0246–I–1, 91 M.S.P.R. 132. We *affirm*.

## DISCUSSION

### I.

Ms. Summers was employed by the United States Department of Justice, Bureau of Prisons ("DOJ"), as a Secretary, GS–0318–06, at the Metropolitan Correctional Center in San Diego, California. On October 11, 1999, she was removed from her position for misconduct. She appealed the removal to the Board. While the appeal was pending, the parties settled the case. Under the terms of the settlement agreement, DOJ agreed to change the reasons for Ms. Summers' removal to "medically unable to perform her duties." After Ms. Summers left DOJ, she applied to OPM for disability retirement under the Federal Employees' Retirement System ("FERS"). After OPM denied her application in a reconsideration decision, she appealed to the Board, which affirmed OPM's decision.

### II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir.1998). Our scope of review in a case such as this is further limited. *See Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985); *Anthony v. Office of Pers. Mgmt.*, 58 F.3d 620, 624–26 (Fed.Cir.1985). In an appeal involving a claim for disability retirement, we may not review the Board's findings of fact. Rather, we may only review the Board's decision to determine "whether there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.'" *Lindahl*, 470 U.S. at 791, 105 S.Ct. 1620.

### III.

A. Ms. Summers' first argument on appeal is that she is entitled to disability retirement by reason of her settlement agreement with DOJ. As noted, pursuant

to the settlement agreement, it was agreed that applicable records would be changed to state that Ms. Summers' employment with DOJ was terminated because she was medically unable to perform her duties. Ms. Summers maintains that she demonstrated entitlement to disability through the settlement agreement. We disagree.

DOJ was not empowered to grant Ms. Summers disability retirement. It is OPM that "[determines] questions of disability and dependency" in administering the federal government's disability retirement program. 5 U.S.C. § 8347(c). Consequently, the settlement agreement itself stated in paragraph 6: "All parties understand that once the disability retirement documents are sent to [OPM], the approval is an OPM decision." Thus, independent of the settlement agreement, Ms. Summers had the burden of establishing entitlement to disability retirement by a preponderance of the evidence. *See Bruner v. Office of Pers. Mgmt.*, 996 F.2d 290, 292 (Fed.Cir.1993). The Board determined that she had failed to carry that burden.

B. Ms. Summers' second argument on appeal is that, based on the evidence before it, the Board erred in concluding that she was not entitled to a disability retirement annuity. We are unable to consider this argument, however. *Lindahl* bars us from reviewing the Board's decision to determine whether the decision is supported by substantial evidence.

For the foregoing reasons, the final decision of the Board is affirmed.