**Jeanette O'NEAL, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 02–3162.

United States Court of Appeals, Federal Circuit.

Oct. 16, 2002.

Before MICHEL, Circuit Judge, PLAGER, Senior Circuit Judge, and LOURIE, Circuit Judge.

PER CURIAM.

Jeanette O'Neal seeks review of a final decision by the Merit Systems Protection Board ("Board") affirming the Office of Personnel Management's ("OPM") decision to deny O'Neal's application for disability retirement, pursuant to the Civil Service Retirement System ("CSRS"). Because we do not find substantial departure from important procedural rights, misconstruction of the governing law, or similar errors in the Board's decision, we *affirm*.

## Background

O'Neal was employed as a Mail Clerk, GS–6, with the United States Postal Service in Chicago, Illinois, until she resigned her position effective April 7, 1999. The duties of O'Neal's position consisted of picking up boxes of mail, removing the mail from the boxes, sorting it, and then placing the letters into different containers. This work is done while in a seated position. About two times per day O'Neal was required to walk from her unit, known as the Primary Letter Unit, to the Flat Sorter Unit, and perform the same duties there for approximately fifteen minutes per visit. The distance between the Primary Letter Unit and the Flat Sorter Unit was approximately one city block.

On September 27, 1999, O'Neal completed an application for disability retirement on the basis of bi-polar illness and arthritis in both knee joints. O'Neal claimed that her medical condition interfered with her performance because she was unable to walk and her psychological condition interfered with her ability to work. O'Neal also claimed that she was forced to quit because she was made to walk to the Flat Sorter Unit three times a day in violation of her medical restrictions.

The OPM rejected O'Neal's application finding that O'Neal had not provided sufficient medical documentation to support her claim of disability. O'Neal appealed to the Board.

The Administrative Judge ("AJ") upheld OPM's rejection of O'Neal's CSRS disability retirement application. During its review of the case, the AJ re-opened the record of the case to take the testimony of Michelle Brady, Post Office Supervisor. On February 13, 2001, the AJ concluded that O'Neal failed to carry her burden of proof to show service deficiency in performance or that the employing agency was unable to accommodate her disabling medical condition in the position held or in an existing vacant position. On January 8, 2002, the AJ's initial decision became the final decision of the Board when the full Board denied O'Neal's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## Discussion

We play a limited role in reviewing Board decisions. *See, e.g., Deweese v. Tennessee Valley Auth.*, 35 F.3d 538, 541 (Fed.Cir.1994). In general, we may reverse a decision by the Board if the decision was: (1) arbitrary, capricious, an abuse of discretion, or not in accordance with law; (2) obtained without the procedures required by law; or (3) not supported by substantial evidence. 5 U.S.C. § 7703(c). However, a more limited standard of review applies to a Board decision regarding OPM's determinations denying applications for CSRS disability retirement benefits.

"This court is without authority to review the substantive merits of disability

determinations, or the factual underpinnings of such determinations." *Bruner v. Office of Pers. Mgmt.,* 996 F.2d 290, 291 (Fed.Cir.1993) (citing *Lindahl v. Office of Pers. Mgmt.,* 470 U.S. 768, 791, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985)). With respect to disability appeals, the court's review is limited "to determining whether 'there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination.'" *Id.* at 292 (quoting *Lindahl,* 470 U.S. at 791, 105 S.Ct. 1620).

We do not find that the Board substantially departed from important procedural rights, misconstrued the governing legislation, or otherwise committed like error in affirming OPM's denial of the CSRS disability retirement benefits to O'Neal. In fact, no such issue is raised by the appellant. The issues she does raise are factual in nature. The only possible procedural issue is that O'Neal claims that the Board did not receive certain forms from her supervisors. However, the AJ did re-open the record of the case to take testimony from a Post Office Supervisor during the review of O'Neal's case.

The Board applied the correct principles of law in reaching its decision. The AJ correctly pointed out that in order to meet the basic requirements for disability retirement, O'Neal bears the burden to prove, among others, that her disability resulted in a service deficiency in performance, conduct, or attendance, or if there was no such deficiency, the disabling medical condition was incompatible with either useful or efficient service or retention in the position, and that the employing agency was unable to accommodate her disabling medical condition in the position held or in an existing vacant position. *See* 5

U.S.C. § 8337(a); 5 C.F.R. § 831.1203(a); 5 C.F.R. § 1201.56(a)(2).

In conclusion, we do not find substantial legal or procedural errors in the Board's decision to affirm the denial by OPM of O'Neal's application for CSRS disability retirement. The final decision of the Board is therefore affirmed.