**Joseph R. MAYZEL, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 02–3166.

United States Court of Appeals, Federal Circuit.

Oct. 25, 2002.

Before NEWMAN, LOURIE, and DYK, Circuit Judges.

PER CURIAM.

Joseph R. Mayzel petitions for review of the decision of the Merit Systems Protection Board, Docket No. SF831E010281–I–1, sustaining the reconsidered decision of the Office of Personnel Management (OPM) that he is not entitled to a disability retirement annuity. We *affirm* the decision of the Board.

## DISCUSSION

Mr. Mayzel was employed as an engineer at the Department of Defense. In his application for disability retirement benefits Mr. Mayzel listed two heart attacks occurring on May 14, 1996 and August 9, 1999, a lower back condition since January 1989, and Bell's Palsy diagnosed on May 7, 2000. He stated that the second heart attack was caused by the stress of his job and that he has been disabled since that time. OPM denied the application, finding that Mr. Mayzel had not established that his medical problems were severe enough to prevent him from performing his job. The Board sustained the OPM decision, and this appeal followed.

This court is without authority to review the substantive merits of OPM disability determinations, or the factual underpinnings of such determinations. *See Bruner v. Office of Personnel Management*, 996 F.2d 290 (Fed.Cir.1993); *Lindahl v. Office of Personnel Management*, 470 U.S. 768, 791, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985). Our obligation is limited to determining whether the correct legal and procedural standards were applied. *Id.*

Mr. Mayzel claims that the medical evidence he has submitted contradicts the conclusion of the Board. He describes the various physicians' reports and argues that they substantiate that he is disabled. He states that OPM failed to take into account his fear of having another heart attack and his family history of heart disease. These arguments are challenges to the substantive merit of the disability determination made by OPM, and are not subject to our review. We have not been directed to, and we do not discern, departure from the correct legal or procedural standards. On this limited ground of appellate review, the decision of the Board must be affirmed.