Amy K. SANDERS, Petitioner,

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
Respondent.

No. 02–3385.

United States Court of Appeals,
Federal Circuit.

DECIDED: Feb. 6, 2003.

Before CLEVENGER, RADER, and LINN, Circuit Judges.

PER CURIAM.

Amy K. Sanders ("Sanders") appeals from the final decision of the Merit Systems Protection Board ("Board"), sustaining the Office of Personnel Management's ("OPM") denial of her claim for disability retirement benefits under the Civil Service Retirement System ("CSRS"). *Sanders v. Office of Pers. Mgmt.*, 92 M.S.P.R. 239 (M.S.P.B.2002) (*"Order"*). Because Sanders has not demonstrated that the Board's decision is in error, we *affirm.*

## BACKGROUND

Sanders began to work for the United States Postal Service ("the agency") in 1979. She last reported to duty in March 1999. From March 23, 1999 to December 23, 1999, Sanders did not report to work,

but did submit medical documentation supporting her absence. On July 14, 2000, the agency removed Sanders from her Distribution Clerk position for absence without leave beginning December 24, 1999, and continuing through the date of her removal, as well as for failure to submit medical documentation justifying her absence beyond December 23, 1999.

On March 14, 2000, Sanders applied for disability retirement based on a number of medical conditions, claiming that she had become disabled in March 1999. She submitted narrative medical reports from her physicians in support of her application that outlined her condition, but did not indicate why Sanders would not be able to perform her duties as Distribution Clerk. By initial decision dated May 23, 2000, OPM denied her application for disability retirement. OPM determined that the medical evidence submitted by Sanders was insufficient to demonstrate that Sanders suffered from medical conditions so severe as to prevent her from performing the duties of her position and recommended that Sanders submit additional evidence. Sanders requested reconsideration of the initial decision, submitting an additional letter from her physician with the request. This letter, however, also failed to discuss why Sanders' condition prevented her from performing her duties. On October 31, 2000, OPM sustained its initial decision denying Sanders' application for disability retirement.

Sanders appealed the OPM decision to the Board. With her appeal, Sanders submitted additional letters from her physicians, one of which included conclusory language that Sanders was unable to perform any type of work. Based on the record, the administrative judge ("AJ") issued a decision, finding that Sanders did not show that her conditions prevented her from performing the specific duties of her position and that any performance deficiency was caused by her absences. The AJ therefore affirmed OPM's reconsideration decision.

Sanders filed a petition for review of the AJ's decision, in which she disagreed with the AJ's factual findings. The two sitting Board members were unable to agree upon disposition of the petition for review; therefore the AJ's decision became the final decision of the Board. Each of the members issued a separate opinion. Chairman Marshall, in affirming the AJ's decision, concluded that the evidence did not overwhelmingly establish that Sanders was unable to work due to her medical conditions and that the *Mullins–Howard* exception, relied on by Member Slavet in her opinion, was inapplicable. Chairman Marshall noted that her opinion took into consideration Sanders' statement of her duties. Member Slavet disagreed, concluding that Sanders had submitted sufficient evidence that she was unable to perform the duties of a Distribution Clerk. Further, Member Slavet found that the medical evidence demonstrated overwhelmingly that Sanders was incapable of performing any work and that there was no need for Sanders' physicians to discuss the specific duties of her job, following the *Mullins–Howard* exception.

Sanders appeals to this court, relying heavily on Member Slavet's dissenting opinion. We have jurisdiction over Sanders' appeal from the Board's final decision pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

■ We must affirm the decision of the Board unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence.

*See* 5 U.S.C. § 7703(c) (2000). Our scope of review in an appeal from a Board decision regarding disability retirement benefits is even more limited. In such a case, we may not review the substantive merits of disability determinations or the factual underpinnings of the Board's disability determination. *See Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 791, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985); *Bruner v. Office of Pers. Mgmt.*, 996 F.2d 290, 291 (Fed.Cir.1993). Review is only "available to determine whether there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." *Lindahl*, 470 U.S. at 791 (internal quotations omitted); *see also Bruner*, 996 F.2d at 291 (holding that this court may review the Board's disability determinations to decide whether or not the Board has followed proper legal and procedural standards).

■ By and large, Sanders challenges the factual underpinnings of her disability determination. Such challenges are outside the scope of our review. The only procedural error pointed to by Sanders is the AJ's failure to put Sanders on notice of her burden to establish a link between her medical conditions and her inability to perform the duties of her position. *See Order*, Separate Opinion of Beth S. Slavet, at 8 n.5. The Board, however, clearly considered this error and deemed it harmless. *See Order*, Separate Opinion of Susanne T. Marshall, at 1. In particular, OPM, in both its initial and reconsideration decisions, denied Sanders' request for disability retirement because she failed to submit medical evidence demonstrating that her conditions were of such severity as to prevent her from performing her duties. Moreover, the AJ specifically advised Sanders that she had the burden of proof that she was disabled and that "the impact of [Sanders'] medical condition upon her ability to perform the essential functions of her job" would be considered. Although the AJ did not specifically request that Sanders submit a position description, the AJ did inform Sanders that the essential functions of her job were in question and the Board did consider statements made by Sanders as to her duties.

### CONCLUSION

Because the Board addressed Sanders' claim of harmful procedural error by the AJ and further considered Sanders' own statements in lieu of the unsubmitted position description, we conclude that there has been no substantial departure from important procedural rights or like error going to the heart of the administrative determination. Consequently, the decision of the Board is *affirmed.*