NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3239

DENISE A. FRISBY,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: November 7, 2006

_____

Before MICHEL, Chief Judge, MAYER and LINN, Circuit Judges.

LINN, Circuit Judge.

Denise Frisby ("Frisby") appeals from a decision of the Merit Systems Protection Board ("Board"), Frisby v. OPM, No. PH-831E-05-0352-I-1, slip op. at 8 (M.S.P.B. Oct. 31, 2005) ("Initial Decision"), which became final after the Board denied Frisby's petition for review, Frisby v. OPM, No. PH-831E-05-0352-I-1 (M.S.P.B. Mar. 2, 2006) ("Final Order"). The initial decision affirmed a decision by the Office of Personnel Management ("OPM") that denied Frisby disability retirement benefits pursuant to the Federal Employees Retirement System. Because we discern no legal error in the Board's decision and we lack jurisdiction to inquire into its factual determinations as to whether Frisby is disabled, we affirm.

BACKGROUND

Until 2002, Frisby worked as a Sack Sorting Machine Operator for the United States Postal Service in Springfield, Massachusetts. According to her application for disability benefits, she became disabled and unable to work due to fibromyalgia, chronic fatigue syndrome, anemia, and anxiety in April 2002; she last reported to work on April 7, 2002. Initial Decision, slip op. at 8. Even so, as of the date of the initial decision over three years later, the Postal Service had made no attempt to remove her. Id., slip op. at 9. It did advise her in mid-2004 that she should return to work or consider retirement (including disability retirement), or else face possible removal. Id.

On September 4, 2004, Frisby filed with OPM a Standard Form 3112A requesting disability retirement. Id., slip op. at 4. OPM denied Frisby's request, as well as her subsequent request for reconsideration, and Frisby timely appealed to the Board on April 5, 2005. See Acknowledgment Order, Frisby v. OPM, No. PH-831E-05-0352-I-1 (M.S.P.B. Apr. 22, 2005).

In his initial decision, the Board's administrative judge affirmed the decision of OPM, observing that the medical evidence the Board had before it was inconclusive as to the extent of Frisby's disabilities and as to how long her disability could be expected to last. Initial Decision, slip op. at 11, 13. Accordingly, the administrative judge found that

> the appellant has failed to demonstrate the most basic requirement necessary for an award of disability retirement, that is, that she currently suffers from a disease or injury which renders her unable to perform useful and efficient service in her position. Moreover, while the appellant's former position was abolished, the agency did assign her to new duties; however, the appellant has never reported for duty in attempt to ascertain if she could perform in that capacity.

Id., slip op. at 11.

Frisby filed a petition for review of the initial decision, which was denied by the Final Order of the Board. Frisby now appeals; we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Frisby's challenge to the Board's decision is fundamentally a factual one. Put simply, the Board concluded that she had failed to prove her case. On appeal, Frisby asserts that the Board failed to consider that "chronic fatigue and fibromyalgia is a life long illness" and that she "is not fit to work at any job at this time." To prove these contentions, she submits three letters from physicians supporting her diagnosis and asserted level of disability, two of which date from July 2006, well after the final decision of the Board.

Although these letters appear to respond to the weaknesses in Frisby's case upon which the Board's decision depended, we are powerless to consider them. As a general matter, appellate courts review only the record that was before the court or agency from which an appeal was taken; they do not consider new evidence presented for the first time after the record is closed. See Moore U.S.A., Inc. v. Standard Register Co., 229 F.3d 1091, 1116 (Fed. Cir. 2000). In this case, however, even if we were to consider enlarging the appellate record in "the interests of justice," see Dakota Indus. v. Dakota Sportswear, 988 F.2d 61, 63 (8th Cir. 1993), we would have no authority to upset the Board's determination that Frisby had failed to demonstrate disability. Under 5 U.S.C. § 8347(c), OPM's determinations as to disability "are final and conclusive and not subject to review" except by the Board. Thus, we have no jurisdiction to review "the

'factual underpinnings' of disability determinations"; we can only correct "'a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination.'" Anthony v. OPM, 58 F.3d 620, 625 (Fed. Cir. 1995) (quoting Lindahl v. OPM, 470 U.S. 768, 791 (1985)). In other words, we cannot second-guess the Board's findings, with or without the new evidence that Frisby submits; only the Board has the power to weigh such evidence.

We note that although this Court lacks authority to reconsider the Board's determination, the Board has authority to reopen its own cases and consider new evidence. See 5 C.F.R. § 1201.118; Zamot v. MSPB, 332 F.3d 1374, 1378 (Fed. Cir. 2003). We cannot and do not assert that the Board will or ought to do so; "[a] determination of whether to reopen a case is discretionary, and involves balancing the desirability of finality and the public interest in reaching what ultimately appears to be the right result." Payne v. USPS, 69 M.S.P.R. 503, 506 (M.S.P.B. 1996). Nor can we determine whether there is some good reason why Frisby's letters could not have been obtained and presented to the Board sooner. We simply observe that the right vehicle through which to present the new letters is not an appellate brief to this Court, but rather a motion to reopen filed with the Board.

In closing, we observe that the administrative judge correctly held that Bruner v. OPM, 996 F.2d 290 (Fed. Cir. 1993), is inapposite, and thus that the burden of proof should not shift to OPM in this case. Frisby was not separated from the Postal Service because it determined that she was unable to do her job. Rather, she decided

unilaterally to stop coming to work, and it remains up to her to demonstrate that she is disabled.

Accordingly, we discern no error in the Board's determination, and its final order is affirmed.