NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3320

JOEL S. KUYKENDALL,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Joel S. Kuykendall, of Palatine, Illinois, pro se.

Roger A. Hipp, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director; and Donald E. Kinner, Assistant Director.  Of counsel on the brief was Paul N. St. Hillaire, Attorney, Office of Personnel Management, of Washington, DC.

Appealed from:  Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2007-3320

JOEL S. KUYKENDALL,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in CH831E070153-I-1

_____

DECIDED: May 12, 2008

_____

Before MICHEL, <u>Chief Judge</u>, CLEVENGER, <u>Senior Circuit Judge</u>, and GAJARSA, <u>Circuit Judge</u>.

PER CURIAM.

Joel S. Kuykendall seeks review of the final decision of the Merit Systems Protection Board ("Board") affirming the reconsideration decision of the Office of Personnel Management ("OPM") denying his application for a disability retirement pursuant to the Civil Service Retirement System. <u>Kuykendall v. Office of Pers. Mgmt.</u>, No. CH831E070153-I-1 (August 28, 2007). We <u>affirm</u>.

I

Mr. Kuykendall was removed from his position as a letter carrier with the United States Postal Service ("agency") after he drove his mail truck through a fence and across a residential backyard while on duty. He admitted that he had consumed alcohol

during the course of making his deliveries and was under the influence of alcohol at the time of the accident. Agency policy prohibited such conduct, and for that reason, he was removed. His removal is not at issue in this appeal.

A few months after his removal, Mr. Kuykendall applied for a disability retirement, asserting that he suffers from alcoholism and severe depression and that both conditions qualify him for a disability retirement. OPM denied the application on July 20, 2006. OPM noted that Mr. Kuykendall documented his alcohol dependence but concluded that his alcoholism did not meet the criteria for disability retirement. OPM found no evidence that Mr. Kuykendall suffered from depression before the accident that led to his removal.

Mr. Kuykendall sought reconsideration by OPM. OPM denied his request on November 15, 2006. OPM repeated that entitlement to a disability retirement depends on, among other things, proof that the applicant is unable to render useful and efficient service to the agency due to disability. In Mr. Kuykendall's case, OPM repeated that the evidence, while showing that he is an alcoholic, did not show that he was unable to render useful service to the agency. That finding rested on the uncontested evidence that Mr. Kuykendall's alcohol dependency was under medicinal control and counseling. In sum, OPM concluded that "there is no evidence showing any treatment or inability to provide useful and efficient service prior to your actions which led to your removal from service."

Mr. Kuykendall appealed the unfavorable reconsideration decision to the Board. The administrative judge assigned to the case carefully reviewed all the evidence submitted by Mr. Kuykendall. Because the evidence showed that Mr. Kuykendall's

alcoholism and depression were being managed with medicine and counseling, the administrative judge decided that OPM was correct in denying Mr. Kuykendall his requested disability retirement.

When the full Board denied review of the administrative judge's initial decision, that decision became final and subject to review in this court.

II

Mr. Kuykendall challenges the underpinnings of the adverse decisions by OPM and the Board.  In essence, he argues that the record shows him to be afflicted with dependency on alcohol and chronic depression.  He is correct in asserting that the record does indeed disclose that he suffers from those two maladies.  However, the record also discloses that he employs medicine and counseling to keep those maladies in check.

Mr. Kuykendall asks this court to revisit the facts of his case, and to conclude that he merits, on the facts, a disability retirement.  He asks us to do what we cannot.  The Supreme Court has held that this court may not delve into the intricacies of a particular disability retirement application case.  When reviewing the denial of an employee-requested disability retirement application, we may assess whether there was a fundamental failure in the process under which the application was decided.  Mr. Kuykendall does not fault the process by which his application was denied.  We may not review the factual underpinnings of the case.  See Bruner v. Office of Pers. Mgmt., 996 F.2d 290, 291 (Fed. Cir. 1993) ("[t]his court is without authority to review the substantive merits of disability determinations, or the factual underpinnings of such determinations") (citing Lindahl v. Office of Pers. Mgmt., 470 U.S. 768, 791 (1985)).  We

therefore "must reject challenges to the Board's factual determinations on physical disability." Anthony v. Office of Pers. Mgmt., 58 F.3d 620, 625 (Fed. Cir. 1995) (citations omitted).

COSTS

No costs.