**Larry L. BRUNER, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 92–3477.**

United States Court of Appeals, Federal Circuit.

June 14, 1993.

James E. Bukac, Bukac & Toomey, Franlin, PA, submitted for petitioner.

Jeri Kaylene Somers, Dept. of Justice, of Washington, DC, submitted for respondent. Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Martha H. DeGraff, Asst. Director and Agnes M. Brown, Atty., Commercial Litigation Branch, Dept. of Justice, were on the brief for respondent. Also on the Brief were Arthur Troilo, III, Gen. Counsel and Jill Gerstenfield, Atty., Office of Gen. Counsel, Office of Personnel Management, of counsel.

Before RICH, Circuit Judge, BENNETT, Senior Circuit Judge, and NEWMAN, Circuit Judge.

PAULINE NEWMAN, Circuit Judge.

Larry L. Bruner appeals the decision of the Merit Systems Protection Board, Docket No. PH831E920167I–1, denying his application for a disability annuity under the Civil Service Retirement Act. We vacate the decision of the Board and remand for redetermination of the claim in accordance with correct procedural burdens.

## Discussion

Mr. Bruner was employed as a nursing assistant at the Veterans Administration Medical Center in Butler, Pennsylvania, starting in March, 1983. During his employment Mr. Bruner suffered at least one injury to his back resulting in chronic back pain and an inability to perform his job. He accepted a voluntary downgrade to a position of nursing assistant-escort, which required less physical effort than his previous position. His back pain persisted, and he eventually entered leave without pay status and applied for a disability retirement annuity under the Civil Service Retirement Act.

During this period, Mr. Bruner was terminated from employment on the ground that he was physically unable to perform his job and that it was not possible to place him in any other position. Subsequently, his application for disability retirement was rejected by the Office of Personnel Management. Mr. Bruner appealed the denial of disability retirement to the Merit Systems Protection Board. The Board sustained OPM's action, and this appeal followed.

### A

■ This court is without authority to review the substantive merits of disability determinations, or the factual underpinnings of such determinations. *Lindahl v. Office of Personnel Management*, 470 U.S. 768, 791, 105 S.Ct. 1620, 1633, 84 L.Ed.2d 674, *on remand*, 776 F.2d 276, 277 (Fed.Cir.1985). However, it is our obligation to assure that the correct legal and procedural standards are applied. *Id.*

■ Mr. Bruner argues that as a matter of law the agency's determination that he is physically unable to perform the duties of his job qualifies him for disability benefits. In *Lindahl* this court recognized, but did not reach, the question of the relationship between an employee's termination for physical inability to do the job, and entitlement to a disability annuity:

[W]e are disturbed by the evident tension between (1) a removal for physical inability to do the job and (2) a subsequent denial to the same employee of disability retirement.

We expressly leave open, for a case in which the issue is properly before us, the resolution of problems inherent in the relationship between the two actions.

*Lindahl,* 776 F.2d at 280. The question was not answered in that case because the employee had appealed only the disability determination and not the termination of employment, and the court believed that it was unable to review both of these actions for possible conflict between them. We deem it unlikely that such a case of conflicting appeals will ever arise for judicial resolution, because of the fatally inconsistent positions and proofs that would be required of the petitioner. However, the "disturbing" question continues to arise, as in the case at bar.

Despite the facial inconsistency between the decision of the Veterans Administration that Mr. Bruner is too disabled to work, and the decision of the Office of Personnel Management that he is not entitled to a disability annuity, it may be that these rulings are not inconsistent in his case, when the correct standards are applied to each determination. *See Piccone v. United States,* 407 F.2d 866, 872, 186 Ct.Cl. 752 (1969) ("There is therefore the possibility that a person can be too disabled to continue work, but not disabled enough to qualify for disability retirement.") Thus we decline to hold, as a matter of law, that the agency's action in separating Mr. Bruner on grounds of disability establishes his entitlement to a disability annuity. To this extent, Mr. Bruner's argument must be rejected.

However, the agency's action in separating Mr. Bruner from employment, based on its decision that Mr. Bruner is too disabled to work, is not irrelevant to the ensuing proceedings.

### B

■ The Board placed upon Mr. Bruner the burden of proving that he is disabled. Mr. Bruner asserts that the burden of proof should have been upon the government, because a government agency had terminated his employment because of disability.

This court's review of disability-based actions is limited to determining whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination' ". *Lindahl,* 470 U.S. at 791, 105 S.Ct. at 1633, (quoting *Scroggins v. United States,* 397 F.2d 295, 297, 184 Ct.Cl. 530, *cert. denied,* 393 U.S. 952, 89 S.Ct. 376, 21 L.Ed.2d 363 (1968)). Because the proper allocation of the burden of proof is an important procedural right that may have substantive consequences, we have considered the Board's assignment of the procedural burdens, in implementation of our review responsibility.

■ The burden in most disability compensation programs follows the general rules of evidence. As applied to disability retirement, the general rule is that the burden of proving entitlement is upon the person who asserts that he/she is disabled. *Greenwich Collieries v. Director, Office of Workers' Compensation Programs, United States Dep't of Labor,* 990 F.2d 730 (3d Cir.1993). *See Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir.1984) ("Once the [Social Security] claimant makes a prima facie showing of disability ... the burden of going forward shifts to the Secretary, who must show that claimant retains the capacity to perform an alternative work activity"). The placement of the burden of proof reflects social policy more than law, and tends to remain fixed despite procedural adjustments along the way. *See generally Old Ben Coal Corp. v. Interior Board of Mine Operations Appeals, United States Department of Interior,* 523 F.2d 25, 36 (7th Cir.1975) ("the incidence of the burden of proof is primarily a matter of policy based on experience"); 21 Charles A. Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure: Evidence* § 5122 (1977).

We are not aware of, and OPM has not pointed to, any statutory or regulatory allocation of the burdens of proof or of production with respect to disability determinations made pursuant to the Civil Service Retirement Act. 5 C.F.R. § 831.502(b) states seven criteria that must be met for disability retirement, as follows:

No claim for disability retirement shall be allowed unless OPM determines that the claim should be granted based upon documentation provided by the applicant or the agency which demonstrates the following:

(1) A deficiency in service with respect to performance, conduct or attendance, or in the absence of any actual service deficiency, a showing that the medical condition is incompatible with either useful service or retention in the position;

(2) A medical condition which is defined as a disease or injury;

(3) A relationship between the service deficiency and the medical condition such that the medical condition has caused the service deficiency;

(4) The duration of the medical condition, past and expected, and a showing that the condition, in all probability, will continue for at least a year;

(5) The applicant became disabled while serving under the Civil Service Retirement System;

(6) The agency's inability to make reasonable accommodation to the employee's medical condition; and

(7) The absence of another available position within the employing agency and commuting area, at the same grade or pay level and tenure, for which the employee is qualified for reassignment. For this part, placement in the agency is limited to those facilities in the commuting area that are serviced by the same appointing authority.

Viewing these criteria, it is apparent that some involve evidence within the knowledge and control of the agency, and some within the purview of the employee. All are fact-dependent and subject to dispute.

■ In *Lindahl* this court held that the burden of proof,[1] for purposes of eligibility for disability retirement, lies with the applicant, applying the general principle that an applicant for a benefit bears the burden of establishing eligibility for the benefit. The court in *Lindahl* did not discuss the allocation of the burden of production as to the seven criteria set forth in 5 C.F.R. § 831.-

502(b), as distinguished from the burden of proof. The burden of production, also called the burden of going forward, is initially upon the person with the burden of proof, and generally requires the production of sufficient evidence to support a finding in favor of that person. *E.g., Greenwich Collieries*, 990 F.2d at 735. The burden of production then shifts to the other party, who must, in turn, produce enough evidence to raise a question of material fact. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 255 & n. 8, 101 S.Ct. 1089, 1094 & n. 8, 67 L.Ed.2d 207 (1981). The Board in *Chavez v. Office of Personnel Management*, 6 M.S.P.B. 343, 6 M.S.P.R. 404 (1981), *cited with approval in Lindahl*, 776 F.2d at 278–79, setting the guidelines for disability appeals, assumed that the party with the relevant evidence will come forward to produce it:

> Since it is OPM's decision that we review in such cases, OPM of course remains obliged to come forward with evidence and an explanation demonstrating the basis on which it reached its determination. Indeed, as to some material issues OPM or the employing agency may be in a better position than the applicant to adduce at least some of the relevant evidence, e.g., total creditable service or availability of other positions of the same grade or class in which the applicant might perform useful and efficient service. We hold only that the ultimate burden of persuasion is on the applicant "in the sense of answering the question of who wins if all the evidence is inadequate or unconvincing."

*Chavez*, 6 M.S.P.B. at 352–53, 6 M.S.P.R. at 416 (quoting 3 Kenneth Culp Davis, *Administrative Law Treatise* § 16.9 at 258 (2d ed. 1980)) (footnotes omitted).

However, this allocation of the burdens of production and persuasion does not take account of the agency's decision and action taken in cases such as this one, wherein the agency has already separated the claimant from service because of disability, the agency having found that the claimant was physically unable to do the assigned job and that there was no other position that the claimant was

---

**1.** "By "burden of proof" we mean, as in *Lindahl*, the ultimate burden of persuasion, in order to

convince a fact finder, by the appropriate standard, based on all of the evidence.

able to do. Such agency action is presumptively correct, and is not here subject to collateral attack. Thus the Veterans Administration's finding and action based thereon, that Mr. Bruner was physically unable to work and that there was no job within the agency that he was qualified for and physically able to do, produces an evidentiary presumption which serves to shift the burden of coming forward to the government. That is, the applicant is deemed to have met his burden of proof *prima facie*. The burden of production then shifts to the government, to come forward with evidence sufficient to support a finding that the applicant is not disabled in terms of 5 C.F.R. § 831.502(b). *See* Fed.R.Evid. 301. *Cf. Meneses v. Secretary of Health, Education & Welfare*, 442 F.2d 803, 806 (D.C.Cir.1971) (when the Social Security claimant shows physical impairment disabling him from his former employment, the government has the burden of coming forward with evidence that there are jobs the claimant can do).

■ Although the applicant is not absolved of coming forward with evidence and argument in rebuttal of any evidence of absence of entitlement adduced by the agency, the agency must first meet its burden of producing sufficient evidence to support a finding that the requirements of 5 C.F.R. § 831.502(b) have not been met. *Cf. Kerner v. Flemming*, 283 F.2d 916, 922 (2d Cir.1960) ("[A]n applicant for a [Social Security] disability pension has the ultimate burden of persuasion.... However, it does not follow that the court is bound to sustain a denial of disability benefits where the applicant has raised a serious question and the evidence affords no sufficient basis for the Secretary's negative answer."). We do not hold that the ultimate burden of proof is shifted when the agency has separated the employee based on the agency's determination of disability, for we do not think that the presumption of disability based on agency action warrants this force. *See* Fed.R.Evid. 301 advisory committee's note.

In sum, the government's action in separating an employee for disablement produces a presumption of disability that serves to shift to the government the burden of pro-

duction. The government must come forward with enough evidence that a reasonable fact finder could conclude that the applicant did not qualify under 5 C.F.R. § 831.502(b). Thus the initial presumption in favor of the claimant will control the result only in cases where the government does not introduce evidence sufficient to support a finding in its favor; in such cases, an applicant who has been dismissed for physical disqualification and absence of an alternative position will generally prevail. However, if the government's evidence is sufficient to support a finding that the applicant is not entitled to disability retirement in terms of 5 C.F.R. § 831.502(b), the totality of the evidence produced by both sides is weighed by the trier of fact, who may (but need not) infer disability from the facts giving rise to the presumption. Notes of Conference Committee, H.R.Rep. 1597, 93d. Cong., 2d Sess. (1974), *reprinted in* 1974 U.S.C.C.A.N. 7098, 7099. The applicant, who retains the burden of persuasion, will then prevail only if he/she establishes entitlement by a preponderance of the evidence.

## C

■ The Board held that Mr. Bruner had not introduced sufficient evidence to prove that he was disabled, thus basing its findings on the weakness of his case. Consequently, the Board did not consider the *prima facie* case of disability that is presumed from the agency's removal action, and did not discuss whether the government's evidence was adequate to support a finding in its favor. This was a procedural error that, as we have discussed, went "to the heart of the administrative determination", *Lindahl*, 470 U.S. at 791, 105 S.Ct. at 1633, for it is possible that this error affected the result. *See Speiser v. Randall*, 357 U.S. 513, 525, 78 S.Ct. 1332, 1341, 2 L.Ed.2d 1460 (1958) ("In all kinds of litigation it is plain that where the burden of proof lies may be decisive of the outcome." (citing cases)).

The Board's decision is vacated, and the case is remanded for redetermination upon application of the correct procedural burdens.

*COSTS*

Costs in favor of Bruner.

*VACATED AND REMANDED.*