Diane L. DEATON, Petitioner,

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
**Respondent.**

**No. 03–3046.**

United States Court of Appeals, Federal Circuit.

DECIDED: April 11, 2003.

Before LINN, Circuit Judge, PLAGER, Senior Circuit Judge, and PROST, Circuit Judge.

PER CURIAM.

Diane L. Deaton petitions for review of the final decision of the Merit Systems Protection Board ("Board") in Docket No. CH–844E–01–0597–I–1, 93 M.S.P.R. 300 (Nov. 14, 2001), denying her application for disability retirement under the Federal Employees' Retirement System ("FERS"). We *affirm.*

I

Ms. Deaton was employed as a computer operator with the Internal Revenue Service. On August 23, 2000, she sought disability retirement under FERS. In her disability application, Ms. Deaton asserted that she became disabled in approximately March 1999. She claimed that she suffered from "severe panic attacks [with] agoraphobia and disassociation" and "depression." She stated that her condition interfered with her attendance and performance of her duties because, *inter alia,* she was generally unable to leave the house, experienced severe panic, and was unable to concentrate.

On May 1, 2001, the Office of Personnel Management ("OPM") issued a decision denying Ms. Deaton's application for disability retirement because OPM determined that she had "failed to meet the burden of proof" necessary to demonstrate her eligibility for disability retirement.

OPM explained that the two letters from her counselor provided by Ms. Deaton did not provide the type of "objective medical evidence" necessary to demonstrate a disabling medical condition. OPM concluded that the same counselor's statements contained in a "Certification of Health Care Provider" similarly failed to present the necessary medical evidence of disability. Ms. Deaton requested reconsideration, and on June 20, 2001, OPM affirmed its initial ruling. OPM again concluded that the documentation presented by Ms. Deaton was insufficient to establish eligibility.

Ms. Deaton subsequently filed a petition for review of OPM's decision. In a November 14, 2001 initial decision, the Administrative Judge reviewed a statement from Ms. Deaton's physician, who was not a psychiatrist, and from her counselor and concluded that the documentation provided by Ms. Deaton did not demonstrate that "she has a disabling condition preventing her from performing useful and efficient service in her position." The Administrative Judge found that Ms. Deaton "did not provide a reasoned explanation how her condition is disabling with respect to the specific duties of her position" and that she "has not shown the degree to which her condition can be controlled."

On December 18, 2001, Ms. Deaton petitioned for review of the Administrative Judge's initial decision. The Board denied Ms. Deaton's petition on September 18, 2002, rendering the Administrative Judge's decision the final decision of the Board. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II

The scope of our review in any appeal from a decision of the Board is limited. We must affirm the decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in ac-

cordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). In appeals of disability retirement determinations under FERS our scope of review is even more limited. Specifically, "[t]his court is precluded by 5 U.S.C. § 8461(d) from reviewing the factual underpinnings of physical disability determinations, but may address whether there has been a 'substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination.'" *Anthony v. Office of Pers. Mgmt.*, 58 F.3d 620, 626 (Fed.Cir.1995) (quoting *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 791, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985)).

 On appeal, Ms. Deaton argues that the Administrative Judge did not sufficiently consider the evidence that was presented regarding her disability. She asks "th[is] court to review all of [her] evidence together" and reach a different conclusion from that of the Board. This is precisely the type of review that Congress has specifically prohibited this court from doing. As stated above, in cases of voluntary retirement on the basis of mental disability, we may not review the factual underpinnings of the Board's disability determination. *See Lindahl*, 470 U.S. at 791; *Bruner v. Office of Pers. Mgmt.*, 996 F.2d 290, 291 (Fed.Cir.1993).

■ Ms. Deaton also argues that the Board erred in failing to consider a February 3, 2002, letter and evaluation by her psychiatrist. It appears from the record, however, that this additional evidence was not timely presented to the Board. In fact, it is unclear from the record whether the Board ever received the letter. We are precluded from considering any evidence that was not properly before the Board. Nor may we consider new evidence presented on appeal unless its purpose is to correct an omission or misstatement by the Board. We, therefore, cannot consider Ms. Deaton's untimely submission. *See McGarigle v. United States Postal Serv.*, 904 F.2d 687, 689 n. 2 (Fed. Cir.1990).

In sum, on appeal Ms. Deaton does not allege "a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." *Lindahl*, 470 U.S. at 791. And, because we are statutorily precluded from conducting the review of the underlying facts that Ms. Deaton seeks, we must affirm the decision of the Board.