**Frank D. SNYDER, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 03–3047.**

United States Court of Appeals, Federal Circuit.

DECIDED: July 11, 2003.

Before LOURIE, RADER, and SCHALL, Circuit Judges.

## DECISION

PER CURIAM.

Frank D. Snyder appeals from the decision of the Merit Systems Protection Board that affirmed a reconsideration decision of the Office of Personnel Management ("OPM") holding that he failed to establish his eligibility for disability retirement benefits. *Snyder v. OPM,* No. PH–831E–01–0388–I–1 (MSPB Dec. 28, 2001). Because the Board did not err in affirming OPM's decision, we *affirm.*

## DISCUSSION

Mr. Snyder was employed most recently as a Materials Handler and previously as a Sandblaster by the Department of Defense Logistics Agency. *Id.,* slip op. at 2. In 1989, Snyder was diagnosed as having a hearing loss disability that prevented him from performing his duties as a Sandblaster. As an accommodation of his disability, he was placed in a position as a Warehouse Worker at the equivalent pay. Apparently, Snyder then advanced to the position of Materials Handler, and in that position his annual performance ratings in 1995, 1996, and 1997 were fully successful, exceptional, and highly successful, respectively. On September 30, 1998, when he still held the Materials Handler position, Snyder was separated from federal service as a result of a reduction-in-force ("RIF").

Snyder then applied to the OPM for disability retirement benefits under the Civil Service Retirement System ("CSRS"), but the OPM denied his request, stating that "no evidence has been submitted to show that your hearing loss prevented you from performing the essential duties of your position as a Materials Handler" and "you were separated from your agency as a result of base closure and RIF, and not as a result of disabling medical condition." After the OPM denied his request for reconsideration, Snyder appealed to the Board. The administrative judge ("AJ") assigned to the case found that Snyder's position of record at the time of his separation was Materials Handler, *id.* at 4–5; that Snyder failed to "establish that his disability prevented him from performing useful and efficient service" in that position, *id.* at 5; that, in fact, Snyder testified during a hearing before the AJ that his hearing loss did not affect his performance in that position, *id.;* and that his performance evaluations were good. The AJ accordingly affirmed OPM's decision, *id.,* and the full Board denied his petition for review, *Snyder v. OPM,* No. PH–0831–01–0388–I–1, 93 M.S.P.R. 307, 2002 WL 31424769 (M.S.P.B. Oct. 21, 2002) (final order), thus rendering the initial de-

cision final, *see* 5 C.F.R. § 1201.113(b) (2001). Snyder timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

The scope of our review in an appeal from a disability decision by the Board is limited. Congress expressly limited review of OPM's CSRS disability determinations:

> The Office shall determine questions of disability and dependency arising under this subchapter. Except to the extent provided under subsection (d) of this section, the decisions of the Office concerning these matters are final and conclusive and are not subject to review.

5 U.S.C. § 8347(c) (2000). The Supreme Court has interpreted that provision as a limit on our scope of review in disability retirement appeals from the Board by precluding any judicial review of the factual underpinnings of OPM's disability decision. *Lindahl v. OPM*, 470 U.S. 768, 791, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985). Judicial review of CSRS disability determinations is limited to considering whether "there has been substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.'" *Id.* (quoting *Scroggins v. United States*, 184 Ct.Cl. 530, 397 F.2d 295, 297 (1968)).

On appeal, Snyder argues, citing *Bruner v. OPM*, 996 F.2d 290 (Fed.Cir.1993), and *Trevan v. OPM*, 69 F.3d 520 (Fed.Cir. 1995), that the Board failed to apply a presumption of disability for CSRS retirement annuity purposes, stemming from the agency's determination that he was physically unable to perform the duties of his earlier Sandblaster position. Snyder also contends that the Board misapplied *Spencer v. Department of Navy*, 82 M.S.P.R. 149 (1999), and claims he was the victim of disability discrimination.

One requesting a CSRS disability retirement annuity must show, *inter alia*, that he is unable, because of disease or injury, to render useful and efficient service in his or her position and must not be qualified for reassignment to a vacant position in the agency at the same grade or level in which he or she could render useful and efficient service. 5 U.S.C. § 8337(a); 5 C.F.R. § 831.1203(a). The Board applied the correct legal standard here when it upheld OPM's determination that Snyder failed to make such a showing.

*Bruner* held that when the government separates an employee for disability, we presume that the disability is one that qualifies the employee for a disability retirement annuity. 996 F.2d at 294. In *Trevan*, OPM overcame that presumption by producing medical evidence that the employee was in fact not disabled. 69 F.3d at 526. Snyder is mistaken in his belief that his case is analogous to *Bruner* and *Trevan*, and that he therefore is entitled to a presumption of disability for retirement annuity purposes. Unlike those cases, in which the employees were removed from their then-current positions for inability to perform the duties of those positions, Snyder was separated from service due to a RIF, while he was performing his then-current position's duties competently. His attempt to relate back to his previous position as a Sandblaster – a position for which he is disabled – is not correct. The pertinent position for the disability retirement determination is the one he held at the time of his separation.

Snyder also apparently argues, citing *Spencer*, that his reassignment from the position of Sandblaster in 1989 was an act of disability discrimination. Snyder has not adduced any support for this bare allegation, and we see nothing else in *Spencer* that aids his case.

We have carefully considered Snyder's remaining arguments and find them unconvincing.

Because we find in the Board's affirmance of OPM's reconsideration decision no departure from Snyder's procedural rights, misconstruction of the governing legislation, or any other error in the administrative process, we affirm.