Gwendolyn T. CHATMAN, Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT, Respondent.

No. 03–3307.

United States Court of Appeals, Federal Circuit.

DECIDED: April 13, 2004.

Gwendolyn T. Chatman, Gulfport, MS, pro se.

James M. Meister, David M. Cohen, Deborah A. Bynum, Washington, DC, for Respondent.

Before NEWMAN, RADER, and LINN, Circuit Judges.

RADER, Circuit Judge.

Petitioner Gwendolyn T. Chatman seeks review of the final decision of the Merit Systems Protection Board (board), which affirmed the Office of Personnel Management's (OPM's) denial of petitioner's application for disability retirement under the Federal Employee Retirement System (FERS). Because the Board's decision applied the proper law, and this court lacks jurisdiction to review the factual determination's of the Board, this court *affirms*.

## BACKGROUND

Petitioner was employed as a Patient Services Assistant at the Veterans Administration Medical center in Biloxi, Mississippi. In July 2001, she suffered a transient ischemic attack, which she characterized as a stroke. Petitioner applied for disability retirement benefits in August 2001, and OPM denied that application. OPM denied petitioner's request for reconsideration, and petitioner filed an appeal with the Board. On review before the Board, various medical evaluations and other evidence was submitted by petitioner and OPM. In September 2002, the Board issued its initial decision affirming OPM's denial of petitioner's application. In the initial decision, the Board concluded that OPM successfully rebutted the prima facie case for disability retirement established by petitioner. In addition, the Board held that petitioner failed to establish that her conditions were disabling such that she could not perform her employment duties. The Board denied petitioner's request for review in August 2003, rendering the initial decision the final decision of the Board. This appeal followed.

## DISCUSSION

Under 5 U.S.C. § 8461(d) (2000), "this court is precluded ... from reviewing the factual underpinnings of physical disability determinations, but may address whether there has been a 'substantial departure

from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination.' " *Anthony v. Office of Pers. Mgmt.*, 58 F.3d 620, 626 (Fed.Cir.1995) (citing *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 791, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985)).

To the extent petitioner challenges the propriety of the law applied by the Board, this court finds petitioner's argument without merit. The Board properly applied the standard for qualifying for disability retirement under FERS found in 5 U.S.C. § 8451 (2000). In addition, the Board discussed at length the standards of analysis required under *Brunner v. Office of Personnel Management*, 996 F.2d 290, 294 (Fed.Cir.1993). In fact, this is the case cited by petitioner in the petition as the appropriate law for this case. Therefore, this court finds no departure from important procedural rights, misconstruction of the governing legislation, or other error going to the heart of the determination in the Board's decision.

Petitioner essentially contends the Board erred in its factual evaluation of the evidence in the record. Again, this court lacks jurisdiction to consider that issue on appeal. Accordingly, this court affirms the final decision of the Board.