NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3315

JOE L. RUSSELL, JR.,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: December 13, 2004

_____

Before MAYER, Chief Judge, CLEVENGER and LINN, Circuit Judges.

PER CURIAM.

Joe L. Russell, Jr., seeks review of the final decision of the Merit Systems Protection Board ("Board") affirming the reconsideration decision of the Office of Personnel Management ("OPM") which denied his application for disability retirement under the Federal Employee Retirement System ("FERS"). Russell v. Office of Pers. Mgmt., No. DA844E040089-I-1 (MSPB Mar. 26, 2004). We dismiss.

I

We must affirm a final decision of the Board unless we determine that it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. 5 U.S.C. § 7703(c) (2000). When reviewing an OPM denial of an application for disability retirement under FERS, our scope of appellate review is further curtailed. We

are precluded, as a matter of appellate authority, from review of the factual underpinnings of OPM's decision, and our review is narrowly limited to determination of whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.'" Lindahl v. Office of Pers. Mgmt., 470 U.S. 768, 791 (1985) (citation omitted). See also Anthony v. Office of Pers. Mgmt., 58 F.3d 620, 626 (Fed. Cir. 1995).

Mr. Russell applied for disability retirement benefits; he had been removed from his job in the Department of Veterans Affairs because he was physically unable to perform the essential functions of his position. When a person has been removed due to physical inability to perform essential functions of the person's job, special rules come into play that establish procedural rights for the disability applicant. Those special rules have been set forth in Bruner v. Office of Personnel Management, 996 F.2d 290 (Fed. Cir. 1993) and Trevan v. Office of Personnel Management, 69 F.3d 520 (Fed. Cir. 1995).

The procedural rules applicable to this case start with the proposition that when the government removes an employee for physical inability to perform the job, a prima facie case of disability, for disability retirement purposes, is established. The burden of coming forward with evidence to the contrary then shifts to OPM, and OPM must come forward with "enough evidence that a reasonable fact finder could conclude that [Mr. Russell] did not qualify for disability retirement." Trevan, 69 F.3d at 526 (quoting Bruner, 996 F.2d at 294). If OPM produces such evidence, then the Board must weigh the evidence produced by both sides to determine if the applicant has shown

04-3315                                         2

entitlement to a disability retirement by a preponderance of the evidence. 5 C.F.R. 1201.56(a)(2) (2004).

## II

In this case, Mr. Russell timely sought review by the Board of OPM's denial of his reconsideration petition. The Board carefully considered all the evidence of record in the procedural steps outlined above. Mr. Russell's removal established a prima facie case of entitlement to a disability retirement, but the Board determined that the evidence showed that OPM had overcome the prima facie case with its submissions. Finally, in considering the evidence on the whole, the Board concluded as a matter of fact that Mr. Russell had not shown entitlement to a disability retirement by a preponderance of the evidence.

In his timely petition for review to this court, Mr. Russell argues that the Board has misunderstood the true facts of his case, which if properly understood would show his entitlement to a disability retirement. No error of law or of procedure is asserted by Mr. Russell—only the allegedly wrong assessment of factual matters. Because the Board followed the correct procedures for this case, and because its decision rests entirely on findings of fact, we cannot, under Lindahl and Anthony, review the correctness of the Board's fact findings. As the Supreme Court explained in Lindahl, the role of this court in disability retirement cases is solely to guard the legal procedure used to adjudicate the facts of the case. The fact-finders for such cases are in the first instance OPM, and the final review of the facts underpinning an adverse OPM decision is by the Board. For want of jurisdiction to review the factual underpinnings of this case, we must dismiss the petition for review.