NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3105

JOAN POSTELL-PORTER,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Joan Postell-Porter, of Albuquerque, New Mexico, pro se.

Cameron Cohick, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Jeanne E. Davidson, Director, and Donald E. Kinner, Assistant Director. Of counsel on the brief was Paul N. St. Hillaire, Attorney, Office of the General Counsel, Office of Personnel Management, of Washington, DC.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3105

JOAN POSTELL-PORTER,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in DE844E080153-I-1.

_____

DECIDED: June 4, 2009

_____

Before MICHEL, <u>Chief Judge</u>, LINN, <u>Circuit Judge</u>, and ST. EVE, <u>District Judge</u>.[*]

PER CURIAM.

Joan Postell-Porter ("Postell-Porter") petitions for review of a final decision of the Merit Systems Protection Board ("Board") affirming the denial of her application for Federal Employees' Retirement System ("FERS") disability annuity benefits. <u>Postell-Porter v. Office of Pers. Mgmt.</u>, No. DE844E080153-I-1 (M.S.P.B. Jul. 2, 2008) ("<u>Initial Decision</u>"), <u>review denied</u>, <u>Postell-Porter v. Office of Pers. Mgmt.</u>, No. DE844E080153-I-1 (M.S.P.B. Oct. 15, 2008). Because the Board did not depart from any important

_____

[*] Honorable Amy J. St. Eve, District Judge, United States District Court for the Northern District of Illinois, sitting by designation.

procedural right, misconstrue governing legislation, or commit any similar error requiring reversal, we affirm.

## I. BACKGROUND

Prior to her termination, Postell-Porter worked as a mailhandler with the United States Postal Service. The duties of her position included unloading mail from trucks, removing mail from sacks, carrying mail, and handling empty equipment.

Postell-Porter claims to have become disabled in November 1998. Citing what she perceived to be a hostile work environment arising out of difficulties with her manager, Postell-Porter filed a claim with the Office of Workers' Compensation Programs for work-related depressive disorder. Her claim was accepted in either 2003 or 2004. She was assigned a date of injury of November 2, 1998 and continues to receive work-related compensation for this claim. Her last day in pay status with the Postal Service was October 20, 2001. On September 8, 2006, the Postal Service notified Postell-Porter that she would be removed from her position as a mailhandler because of her inability to perform the duties of her position. The removal letter indicated that, although her disability was viewed as a mitigating factor, Postell-Porter had not reported to duty since April 7, 1999, and that her removal was necessary so that a replacement employee could be hired.

On September 28, 2006, Postell-Porter submitted an application for FERS disability retirement. In support of her application, she submitted an evaluation by Dr. Judith Nissenbaum, a clinical psychologist who had treated Postell-Porter since 2001. The evaluation was dated December 5, 2006 and states that there is no reason that Postell-Porter cannot work an eight-hour workday and that she requires "no

restrictions." However, the evaluation also states that she "can not return to PO [Post Office]." The Office of Personnel Management denied her application on July 17, 2007. She requested reconsideration and submitted additional medical records, including a note from Dr. Nissenbaum dated November 15, 2007 stating that Postell-Porter "was released to return to work without restriction on December fifteenth, two thousand five (12/15/05)," and a mental health assessment dated November 16, 2007 by Dr. A.H. Entezari, which diagnosed Postell-Porter with "major depression, recurrent without psychotic features." The Office of Personnel Management denied reconsideration on December 17, 2007.

In support of her appeal to the Board, Postell-Porter submitted a letter from Dr. Nissenbaum dated February 26, 2008 stating that "It is my opinion that an individual with a history of depression could be vulnerable to a recurrence of depression if placed in a hostile work environment." The Board affirmed the denial, reasoning that: (1) Postell-Porter's symptoms were merely situational and specific to what she perceived to be a hostile work environment, and (2) she could perform the job duties of her mailhandler position outside of her specific workplace environment. Initial Decision at 10. Postell-Porter appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II. DISCUSSION

Postell-Porter raises several arguments on appeal. However, our authority to review the Board's decision is limited. "This court is without authority to review the substantive merits of disability determinations, or the factual underpinnings of such determinations." Brunner v. Office of Pers. Mgmt., 996 F.2d 290, 291 (Fed. Cir. 1993). Specifically, "we may not review the Board's factual determination as to whether

[Postell-Porter] was disabled within the meaning of the FERS statute." Trevan v. Office of Pers. Mgmt., 69 F.3d 520, 524 (Fed. Cir. 1995). Instead, our "review of disability-based actions is limited to determining whether there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." Brunner, 996 F.2d at 292 (internal quotation marks omitted).

First, Postell-Porter argues that the Board failed to give proper consideration to the information that she had submitted, including the separation letter from the Postal Service and the letters from her doctors. We have no authority to review the factual underpinnings of disability determinations. See id. The Board took into account both pieces of evidence and made its determination based on the "totality of the evidence." Initial Decision at 9. With regard to the Postal Service's separating letter, we have held that an agency's action in separating an employee on grounds of disability does not automatically establish entitlement to a disability annuity. See Brunner, 996 F.2d at 292. With regard to the doctors' letters, the Board found that neither Dr. Nissenbaum nor Dr. Entezari explained how Postell-Porter's condition affected her ability to perform the specific duties of her mailhandler position, and therefore concluded that their opinions were entitled to little weight. Initial Decision at 8.

Second, Postell-Porter argues that she had not been told that "the burden of proof should have been on OPM [Office of Personnel Management] because of the separation letter." Pet'r's Br. at 1. Her legal assertion is incorrect. The ultimate burden of persuasion remained on Postell-Porter to prove that she was "unable, because of disease or injury, to render useful and efficient service in [her] position." 5 U.S.C.

§ 8451(a)(1)(B); Trevan, 69 F.3d at 522. An agency's action in separating an employee because of disability serves to shift to the government only the burden of production, requiring the government to come forward with sufficient evidence to rebut the presumption of disability. See Bruner, 996 F.2d at 294. The government can meet this burden of production "by demonstrating a lack of objective medical evidence 'provid[ing] a reasoned explanation of how certain aspects of a particular condition render the employee unable to perform specific work requirements.'" Trevan, 69 F.3d at 526 (quoting Thomas v. Office of Pers. Mgmt., 54 M.S.P.R. 686, 689-90 (1992)). In this case, the Board found that the government met its burden because the medical evidence, including the letters of Drs. Nissenbaum and Entezari, lacked a reasoned explanation of how Postell-Porter's depressive disorder affected her ability to perform the specific work requirements of her mailhandler position. Initial Decision at 8. The Board then weighed "'the totality of the evidence produced by both sides'" and held that Postell-Porter had not carried her ultimate burden of persuasion. Id. at 9 (quoting Trevan, 69 F.3d at 527). Thus, the Board followed proper procedures in determining on the facts before it that Postell-Porter was not entitled to a FERS disability annuity.

Postell-Porter's remaining arguments challenge the Board's factual determination as to whether she was disabled within the meaning of the FERS statute, which this court lacks authority to review. See Trevan, 69 F.3d at 524.

III. CONCLUSION

For the foregoing reasons, we affirm the order of the Board.

COSTS

No costs.