# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANTONIETA GARCIA,
               Appellant,

        v.

OFFICE OF PERSONNEL
    MANAGEMENT,
               Agency.

DOCKET NUMBER
CH-844E-19-0212-I-1

DATE: October 5, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Leah Bachmeyer Kille</u>, Lexington, Kentucky, for the appellant.

<u>Albert Pete Alston, Jr.</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The Office of Personnel Management (OPM) has filed a petition for review and the appellant has filed a cross petition for review of the initial decision, which reversed OPM's reconsideration decision denying the appellant's disability retirement application but denied interim relief. On petition for review, OPM

---

[1]A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

argues that the administrative judge erred in applying the *Bruner*[2] presumption, in finding that it failed to rebut the presumption, and in finding that the appellant's last position with the U.S. Postal Service (USPS) was as a Distribution Clerk. Petition for Review (PFR) File, Tab 1 at 11-17. OPM includes with its petition for review several Postal Service 50 (PS-50) forms. *Id.* at 19-136. Additionally, the appellant's cross petition for review requests interim relief. PFR File, Tab 3 at 9-10. Generally, we grant petitions such as these only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that neither party has established any basis under section 1201.115 for granting the petition or cross petition for review. Therefore, we DENY the agency's petition for review and the appellant's cross petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).[3]

---

[2] In *Bruner v. Office of Personnel Management*, our reviewing court found that an employee's removal for inability to perform the essential functions of her position constitutes prima facie evidence that she is entitled to disability retirement. 996 F.2d 290, 294 (Fed. Cir. 1993).

[3] The additional PS-50s submitted for the first time on review do not provide a basis to disturb the initial decision. PFR File, Tab 1 at 19-136. Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record closed before the administrative judge despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980). All of the PS-50s appear to have been issued before the close of the record below. PFR File, Tab 1 at 19-136. OPM has not explained why it

¶2     Based on the Postal Service form 6075, Notice of Removal or Separation for Disability (Not OWCP), and the appellant's hearing testimony that, following a 1-year recovery period from a March 2015 surgery, her physician imposed restrictions and advised her not to return to work and that the appellant informed her supervisor of the restrictions and remained away from work only after her supervisor informed her that there were no available accommodations or reassignments, the administrative judge correctly found that the *Bruner* presumption applies in this case.  Initial Appeal File (IAF), Tab 31, Initial Decision (ID) at 3-5.

¶3     The administrative judge also found that the appellant's last position with the USPS was as a Distribution Clerk and that her medical conditions are incompatible with useful and efficient service or retention in the Distribution Clerk position.  ID at 5-6, 9.  However, the appellant stipulated that her last official position with USPS was as a Sales Service/Distribution Associate (SSDA).  IAF, Tab 24 at 4.  A stipulation is sufficient to prove the fact alleged. *Swift v. Office of Personnel Management*, 48 M.S.P.R. 441, 445 (1991); 5 C.F.R. § 1201.63.  Nonetheless, the administrative judge ultimately considered both the positions of a Distribution Clerk and a SSDA in arriving at her conclusion. ID at 5-6, 9.  Moreover, the appellant and her supervisor both testified that the positions have some overlapping duties.  IAF, Tab 25, Hearing Compact Disc (testimony of the appellant and the appellant's supervisor).  We have reviewed the medical evidence of record and the requirements of the SSDA position, as set forth in the position description and the testimony of the appellant and her supervisor, and we conclude that the appellant is unable to provide useful and efficient service in the SSDA position.  Thus, any error committed by the

---

was unable to submit these documents below nor has it shown that they are of sufficient weight to warrant an outcome different from that of the initial decision.  Accordingly, we have not considered them.  *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

administrative judge in determining that the appellant's last position with the USPS was as a Distribution Clerk, and not a SSDA, did not prejudice OPM and does not constitute a basis to disturb the initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). Additionally, we agree with her conclusion that OPM failed to rebut the *Bruner* presumption and that the appellant otherwise met all of the elements required to secure disability retirement benefits. ID at 7-9; *see* 5 C.F.R. § 844.103(a).

¶4        In her response to OPM's petition for review, the appellant requested interim relief. PFR File, Tab 3 at 9-10. The Board's regulations do not provide for an award of interim relief at the petition for review level. To the extent the appellant is asserting that the administrative judge erred in declining to award interim relief below, ID at 10, the Board reviews such a claim under an abuse of discretion standard. *See, e.g.*, *Norton v. Department of Veterans Affairs*, 112 M.S.P.R. 248, ¶ 8 (2009). In *Steele v. Office of Personnel Management*, the Board held that, although the interim relief statutory provisions are applicable to OPM retirement appeals, administrative judges should exercise caution in granting interim relief in such appeals because doing so may result in OPM's payment of monies in contravention of its statutory authority and may necessitate OPM's recovery of the monies paid during the interim relief period if the Board reverses the initial decision. 57 M.S.P.R. 458, 461-64 (1993), *aff'd*, 50 F.3d 21 (Fed. Cir. 1995) (Table).

¶5        In this case, it is not necessary to determine whether the administrative judge abused her discretion because we otherwise agree with her decision to reverse OPM's reconsideration decision and to order OPM to approve the appellant's disability retirement application. Therefore, by way of this Order, the appellant will already receive all of the relief to which she is entitled.

## ORDER

We ORDER OPM to grant the appellant's application for disability retirement benefits. OPM must complete this action no later than 20 days after the date of this decision.

We also ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. We ORDER the appellant to provide all necessary information OPM requests to help it carry out the Board's Order. The appellant, if not notified, should ask OPM about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after OPM tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes OPM has not fully carried out the Board's Order, and should include the dates and results of any communications with OPM. *See* 5 C.F.R. § 1201.182(a).

## NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.