## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| AMY THOMAS,<br>      Appellant, | DOCKET NUMBER<br>SF-844E-20-0289-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>  MANAGEMENT,<br>      Agency. | DATE: February 5, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Amy Thomas, Yerington, Nevada, pro se.

Albert Pete Alston, Jr., Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) that denied her application for disability retirement under the Federal Employees' Retirement System (FERS). For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant began working for the U.S. Postal Service (USPS) on November 11, 2006, and she occupied a Rural Carrier position at the time relevant to this appeal. Initial Appeal File (IAF), Tab 5 at 10, Tab 11 at 14. Effective July 2, 2018, following her exhaustion of her Family Medical Leave Act (FMLA) leave, the appellant entered the status of absent without leave (AWOL). IAF, Tab 5 at 40, 57-60, 73, 82. The following day, on July 3, 2018, she applied for FERS disability retirement annuity benefits with OPM. *Id.* at 73-76. The appellant based her request for benefits on the following conditions: chronic neck pain; cervical degenerative disc disease; cervical disc bulges; a cervical disc extrusion; possible cervical fracture; asthma/frequent lower respiratory infections; post-traumatic stress disorder; and chronic depression and anxiety. *Id.* at 73. Thereafter, effective September 8, 2018, USPS terminated the appellant for unacceptable attendance. *Id.* at 10. On October 15, 2018, the Social Security Administration (SSA) determined that the appellant did not qualify for SSA disability benefits. *Id.* at 36-39.

On April 10, 2019, OPM issued an initial decision concluding that the appellant was not disabled for purposes of a FERS disability annuity. *Id.* at 24-28. The appellant requested reconsideration of OPM's initial decision, *id.* at 18-19, 23, and, on January 28, 2020, the agency issued a reconsideration decision again concluding that she was not entitled to disability retirement under FERS, *id.* at 11-14. On February 28, 2020, the appellant appealed OPM's reconsideration decision to the Board. IAF, Tab 1. Although she initially requested a hearing on the matter, *id.* at 2, the appellant subsequently withdrew her hearing request in favor of a decision on the written record, IAF, Tab 7 at 4.

Based on the written record, the administrative judge issued an initial decision affirming OPM's reconsideration decision. IAF, Tab 13, Initial Decision (ID) at 1, 19. In so doing, the administrative judge found that it was undisputed that the appellant had completed the requisite 18 months of civilian service creditable under FERS and that she had not declined a reasonable offer of reassignment to a vacant position. ID at 14. She concluded, however, that the appellant had not shown by preponderant evidence that she had become disabled while in a position subject to FERS. ID at 14-19. In so finding, the administrative judge explained that she "decline[d] to give the [appellant's] SSA decision weight one way or the other." ID at 19. The administrative judge also concluded that, although USPS had not sought to accommodate the appellant's medical conditions, there was no indication that the appellant had requested any such accommodation. *Id.*

The appellant has filed a petition for review, and the agency has filed a response. Petition for Review (PFR) File, Tabs 4, 6. In her petition for review, the appellant avers that she was medically unable to perform her job functions. PFR File, Tab 4 at 1-6. To this end, she asserts that she was on FMLA leave from April 2018 until June 2018 and that, thereafter, she "still required extensive amounts of leave for [her] medical conditions." *Id*. at 3. She also asserts that SSA had concluded that she was incapable of performing work that she had done in the past. *Id*. Following the close of the record on review, the appellant filed a request for leave to file an additional pleading, explaining that, on December 16, 2021, she received a subsequent, fully favorable SSA decision. PFR File, Tab 9 at 1.

## DISCUSSION OF ARGUMENTS ON REVIEW

An appellant bears the burden of proving her entitlement to retirement benefits by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2)(ii). To be eligible for a disability retirement annuity under FERS, an applicant must show

the following:  (1) she completed at least 18 months of creditable civilian service; (2) while employed in a position subject to FERS, she became disabled because of a medical condition, resulting in a deficiency in performance, conduct, or attendance, or, if there is no such deficiency, the disabling medical condition is incompatible with either useful and efficient service or retention in the position; (3) the disabling medical condition is expected to continue for at least 1 year from the date that the application for disability retirement benefits was filed; (4) accommodation of the disabling medical condition in the position held must be unreasonable; and (5) she did not decline a reasonable offer of reassignment to a vacant position.  5 U.S.C. § 8451(a); 5 C.F.R. § 844.103(a); *see Thorne v. Office of Personnel Management*, 105 M.S.P.R. 171, ¶ 5 (2007).

An applicant for disability retirement may meet the requirements related to the second criterion in one of two ways:  (1) by showing that the medical condition caused a deficiency in performance, attendance, or conduct; or (2) by showing that the medical condition is incompatible with useful and efficient service or retention in the position.  *See* 5 U.S.C. § 8451(a)(1)(B); *Rucker v. Office of Personnel Management*, 117 M.S.P.R. 669, ¶ 10 (2012); 5 C.F.R. § 844.103(a)(2).  Under the first method, an individual can establish entitlement by showing that the medical condition affects her ability to perform specific work requirements, prevents her from being regular in attendance, or causes her to act inappropriately. *Jackson v. Office of Personnel Management*, 118 M.S.P.R. 6, ¶ 8 (2012).

Here, as set forth in the initial decision, there is no dispute that the appellant satisfied criterion (1) and criterion (5).  ID at 14; PFR File, Tab 6 at 6. Although the administrative judge concluded that the appellant failed to satisfy criterion (2), ID at 19, she did not render explicit findings regarding the remaining criteria, i.e., criterion (3) and criterion (4).

<u>We remand this matter for the administrative judge to provide the parties with notice regarding the *Bruner* presumption.</u>

The appellant avers that she became disabled while employed by USPS. PFR File, Tab 4 at 1-6. To this end, she contends that her medical conditions required her to use "extensive amounts" of leave, i.e., that she satisfied the second criterion because her medical conditions prevented her from being regular in attendance. *Id.* at 3.

In *Bruner v. Office of Personnel Management*, 996 F.2d 290, 294 (Fed. Cir. 1993), the U.S. Court of Appeals for the Federal Circuit concluded that an appellant's removal for physical inability to perform the essential functions of her position constitutes prima facie evidence that she is entitled to disability retirement.[2] In so finding, the Federal Circuit explained that such a removal action shifts the burden of production to OPM to produce evidence sufficient to support a finding that the applicant is not entitled to disability retirement benefits. *Id.* If OPM produces such rebuttal evidence, the appellant must then come forward with evidence to rebut OPM's assertion that she is not entitled to benefits. *Id.* Notwithstanding the shifting burdens, however, the appellant retains the burden of persuasion at all times to establish entitlement to disability retirement benefits by preponderant evidence. *Id.* The Board has found that removal for excessive absences is synonymous with removal for inability to perform for medical reasons when the removal decision is accompanied by specifications indicating that it was based on medical documentation showing that the appellant was unable to perform her duties. *See, e.g., Ayers-Kavtaradze v. Office of Personnel Management*, 91 M.S.P.R. 397, ¶ 11 (2002); *see also Smedley v. Office of Personnel Management*, 108 M.S.P.R. 31, ¶¶ 12-13 (2008)

---

[2] Although *Bruner* involved a disability retirement annuity under the Civil Service Retirement System (CSRS), the Board has consistently applied the evidentiary presumption set forth therein to appeals involving disability retirement benefits under FERS. *E.g., Bell v. Office of Personnel Management*, 99 M.S.P.R. 133, ¶¶ 1, 10-12 (2005); *McCurdy v. Office of Personnel Management*, 96 M.S.P.R. 90, ¶¶ 1, 6-8 (2004). Indeed, the statutory and regulatory requirements for disability retirement under CSRS and FERS contain the same relevant language. *Jackson*, 118 M.S.P.R. 6, ¶ 7.

(explaining that the Board has applied the *Bruner* presumption based on physical and/or psychological conditions). When an agency has removed an appellant for such reasons, the administrative judge must inform the parties of their respective burdens under *Bruner*. *See Swadlo v. Office of Personnel Management*, 100 M.S.P.R. 420, ¶ 9 (2005).

Here, documentation in the record evinced that, effective September 8, 2018, following her exhaustion of her FMLA leave, USPS terminated the appellant based on a charge of unacceptable attendance. IAF, Tab 5 at 10, 40, 57-60, 73, 82. The record, however, was devoid of information regarding the basis of the removal action, e.g., the decision letter or the notice of proposed removal.[3] *Ayers-Kavtaradze*, 91 M.S.P.R. 397, ¶ 11 (stating that a charge must be viewed in light of the accompanying specifications and circumstances). Because the nature of the appellant's removal may have implicated *Bruner*, the administrative judge should have informed the parties of their respective burdens under the same in order to allow them to submit evidence related thereto. *See Jones v. Office of Personnel Management*, 75 M.S.P.R. 499, 502 (1997) (explaining that the administrative judge must determine the basis for the appellant's removal, i.e., whether the *Bruner* presumption is applicable, before determining the parties' respective burdens of proof). The appellant, however, did not receive notice of the *Bruner* presumption either prior to or in the initial decision. Accordingly, we remand the appeal to the regional office for the administrative judge to provide the parties with explicit notice of *Bruner* and to allow for the submission of additional evidence. *See Bell v. Office of Personnel Management*, 99 M.S.P.R. 133, ¶¶ 1, 10-12 (2005) (remanding a FERS disability retirement appeal to provide the parties an opportunity to submit additional

---

[3] Although OPM provided evidence suggesting that the appellant failed to provide "proper [m]edical [d]ocumentation" to USPS to justify her AWOL status, IAF, Tab 5 at 57, this evidence did not make clear the underlying basis of the removal action. Indeed, the record also contained documentary evidence indicating that USPS personnel believed that any accommodation of the appellant was unfeasible "due to the severity of [her] medical condition[s] and the physical requirements of [her] position." *Id.* at 45.

evidence and argument when the administrative judge failed to inform them of their respective burdens under *Bruner*); *see also Ayers-Kavtaradze*, 91 M.S.P.R. 397, ¶¶ 1, 11-12 (remanding a FERS disability retirement appeal when the appellant was removed for having been on extended leave without pay status and the administrative judge failed to provide the parties with notice of the *Bruner* presumption). To the extent any such additional evidence implicates *Bruner*, the administrative judge shall apply the appropriate burden of proof.

<u>The administrative judge shall consider SSA's disability determination on remand.</u>

In her petition for review, the appellant contends that SSA's unfavorable October 15, 2018 decision substantiates her entitlement to disability benefits. PFR File, Tab 4 at 3. In her request for leave to file an additional pleading, she explains that, on December 16, 2021, she received a subsequent, fully favorable SSA decision. PFR File, Tab 9 at 1. In assessing disability retirement appeals, the Board must consider an award of SSA disability benefits, along with the other evidence of disability. *Trevan v. Office of Personnel Management*, 69 F.3d 520, 526 (Fed. Cir. 1995); *see Redmond v. Office of Personnel Management*, 90 M.S.P.R. 4, ¶¶ 8, 10 (2001) (concluding that an award of SSA benefits was material to a determination of whether the appellant was entitled to disability retirement benefits under FERS). In her initial decision, the administrative judge acknowledged SSA's findings at the time the initial decision was issued, ID at 3; however, she ambiguously indicated that, because "SSA generally does not consider the availability of reasonable accommodation," she "decline[d] to give the SSA decision weight one way or the other," ID at 18-19. On remand, the administrative judge shall consider SSA's findings in conjunction with the medical evidence in the record. *See McCurdy v. Office of Personnel Management*, 96 M.S.P.R. 90, ¶ 9 (2004) (concluding that remand was

appropriate when the administrative judge had not considered a favorable SSA decision issued subsequent to the initial decision).[4]

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

Gina K. Grippando

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.

---

[4] On remand, the appellant may provide the Board with SSA's most recent decision as well as any medical documentation on which SSA relied. *See McCurdy*, 96 M.S.P.R. 90, ¶ 10. On January 19, 2024, the appellant submitted a second motion for leave to submit an additional pleading, requesting permission to submit evidence that she served the agency with her petition for review. In light of the Board's remand of this matter, the appellant's motion is denied.