# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

QUINTIN EWING,[1]

      Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,

      Agency.

DOCKET NUMBER
CH-844E-21-0328-I-1

DATE: August 6, 2024

## THIS FINAL ORDER IS NONPRECEDENTIAL[2]

<u>Michael Kleinman</u>, Esquire, Houston, Texas, for the appellant.

<u>Jo Bell</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

---

[1] The Board finds it appropriate to change the caption of this matter from "Quinton Ewing" to "Quintin Ewing" to correct the misspelling of the appellant's first name. Additionally, the initial decision in this matter has been recaptioned as "Quintin Ewing" and a reference to the appellant's name in the initial decision has been changed to "Quintin Ewing."

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed[3] the reconsideration decision of the Office of Personnel Management (OPM) denying his disability retirement application under the Federal Employees' Retirement System (FERS).  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  We AFFIRM the initial decision as MODIFIED to VACATE the administrative judge's statement that the appellant could compensate for his mental impairments by working through lunch and to clarify that the appellant has failed to prove that accommodation of his medical conditions is unreasonable.

**BACKGROUND**

The appellant was employed as a GS-0185 Clinical Social Worker with the Department of the Army from 2007 until January 2019, when he was transferred to a position as a GS-0185 Clinical Social Worker with the Department of Veterans Affairs in Springfield, Missouri.  Initial Appeal File (IAF), Tab 29 at 9,

---

[3] The initial decision states erroneously that "[t]he appeal is DISMISSED."  Initial Appeal File, Tab 44, Initial Decision at 13.  This appears to be a typographical error.

12, Tab 34 at 13-14. The agency removed the appellant from this position in July 2019 based on the charge of failure to meet competency standards after a Focused Professional Practice Evaluation identified numerous deficiencies in the treatment records of the appellant's patients. IAF, Tab 34 at 52-59. In January 2020, the appellant applied for disability retirement under FERS, alleging disability due to attention deficit hyperactivity disorder (ADHD), dyslexia, and torticollis. IAF, Tab 29 at 15, 22. He alleged that an increase in the number of clinical appointments and paperwork required for his position exacerbated his preexisting anxiety and, consequently, his dyslexia. IAF, Tab 29 at 5-6, 22, Tab 30 at 12.

He submitted a Report of Comprehensive Psychological Evaluation from Dr. C., dated May 2019, and another letter from Dr. C., dated November 2019, in support of his application. IAF, Tab 29 at 23, 27-84. OPM denied his application on June 8, 2020, and, upon reconsideration, on August 14, 2020. IAF, Tab 34 at 8-11, 25-29. The appellant filed an initial appeal to the Board challenging OPM's decision, which was dismissed on February 17, 2021, because OPM informed the Board that it was rescinding its final decision to allow for review of new evidence submitted by the appellant. *Ewing v. Office of Personnel Management*, MSPB Docket No. CH-844E-20-0589-I-1, Initial Decision (Feb. 17, 2021). OPM issued its final decision on November 15, 2021, finding that the appellant failed to establish that he met the criteria for disability retirement because he did not establish that his preexisting medical conditions significantly worsened while serving in a FERS-covered position. IAF, Tab 23 at 4-8.

In his prehearing submission, the appellant produced additional evidence in the form of a letter from Dr. C., dated March 1, 2021, and a brief statement by another provider who evaluated the appellant on August 3, 2021, and prescribed medications for generalized anxiety disorder and major depressive disorder. IAF, Tab 31 at 230-34, 252. On February 1, 2022, the administrative judge held a telephonic hearing at which the appellant and Dr. C. testified. IAF, Tab 42,

Hearing Recording (HR). The administrative judge issued an initial decision on March 25, 2022, finding that the appellant failed to show that his preexisting medical conditions were exacerbated to a degree that rendered him incapable of performing useful and efficient service as a Clinical Social Worker and, thus, failed to carry his burden of proving entitlement to disability retirement under FERS. IAF, Tab 44, Initial Decision (ID) at 9, 12.

The appellant has filed a petition for review, disputing the administrative judge's analysis. Petition for Review (PFR) File, Tab 1. OPM has not responded to appellant's petition for review.

## ANALYSIS

The appellant bears the burden of proving by preponderant evidence his entitlement to disability retirement benefits. *Henderson v. Office of Personnel Management*, 109 M.S.P.R. 529, ¶ 8 (2008); 5 C.F.R. § 1201.56(b)(2)(ii). To qualify for disability retirement benefits under FERS, an individual must meet the following requirements: (1) he must have completed at least 18 months of creditable civilian service; (2) he, while employed in a position subject to FERS, must have become disabled because of a medical condition resulting in a deficiency in performance, conduct, or attendance, or, if there is no such deficiency, the disabling medical condition must be incompatible with either useful and efficient service or retention in the position; (3) the disabling medical condition must be expected to continue for at least 1 year from the date the disability retirement benefits application is filed; (4) accommodation of the disabling medical condition in the position held must be unreasonable; and (5) he must not have declined a reasonable offer of reassignment to a vacant position. *Henderson*, 109 M.S.P.R. 529, ¶ 8.

The *Bruner* presumption does not apply.

On petition for review, the appellant argues that the administrative judge erred in failing to apply the *Bruner* presumption, which provides that an

employee's removal for physical inability to perform the essential functions of his position constitutes prima facie evidence that he is entitled to disability retirement, shifting the burden of production to OPM. PFR File, Tab 1 at 10-14; *see Marczewski v. Office of Personnel Management*, 80 M.S.P.R. 343, ¶ 4 (1998) (citing *Bruner v. Office of Personnel Management*, 996 F.2d 290, 294 (Fed. Cir. 1993)). The administrative judge did not afford the appellant the *Bruner* presumption; however, he did not specifically address its inapplicability despite the appellant having raised this issue. ID at 6-7; IAF, Tab 29 at 4; HR (the appellant's closing argument). We find that the appellant is not entitled to the *Bruner* presumption because the agency removed him for failure to meet competency standards—not inability to perform job duties due to a medical condition. IAF, Tab 34 at 52-59; *see Combs v. Social Security Administration*, 91 M.S.P.R. 148, ¶ 21 (2002) (stating that a charge of inability to perform job duties is a distinct charge requiring medical evidence showing that an employee is incapacitated). Neither the agency's proposal notice nor its decision notice reveals any consideration of the appellant's medical condition in its decision to remove the appellant. IAF, Tab 34 at 52-59. Therefore, the *Bruner* presumption does not apply. *Cf. Ayers-Kavtaradze v. Office of Personnel Management*, 91 M.S.P.R. 397, ¶ 11 (2002) (applying *Bruner* when the agency's specifications accompanying the charge indicated its decision was based on medical documentation establishing disability).

<u>The appellant failed to establish criterion (4): accommodation of his disabling medical condition in the position held must be unreasonable.</u>

The administrative judge concluded that the appellant did not show by preponderant evidence that his preexisting medical conditions of ADHD, dyslexia, torticollis, and/or anxiety were exacerbated to a degree that caused a deficiency in his performance, conduct, or attendance, or that his conditions were incompatible with useful and efficient service or retention in the position of Clinical Social Worker. ID at 9-12; *see Henderson*, 109 M.S.P.R. 529, ¶ 8. The

appellant challenges the administrative judge's weighing of the evidence for this finding. PFR File, Tab 1 at 9-17. Based on the totality of the evidence, we credit the appellant's assertion that his preexisting conditions of ADHD, dyslexia, and anxiety[4] became incompatible with new workloads, procedures, or technology without accommodation. PFR File, Tab 1 at 9-17; IAF, Tab 29 at 27-84, Tab 31 at 230-34; HR (testimony of Dr. C.). However, assuming without deciding that these circumstances satisfy criterion (2), that the appellant become disabled because of a medical condition while employed under FERS, we find that the appellant has not satisfied his burden with respect to criterion (4), accommodation of the disabling medical condition in the position held must be unreasonable. *See Henderson*, 109 M.S.P.R. 529, ¶ 8.

An appellant whose disability can be reasonably accommodated by the employing agency has not met his burden of establishing entitlement to disability retirement benefits. *Dec v. Office of Personnel Management*, 47 M.S.P.R. 72, 79 (1991). The appellant argues that an increase in the amount of paperwork required of him after transferring to a new agency in January 2019 exacerbated his anxiety and, consequently, his dyslexia. IAF, Tab 29 at 5, Tab 30 at 12. As noted by the administrative judge, the appellant passed on the agency's offer of dictation software in February 2019—one of the accommodations that Dr. C. opined would enable him to "neutralize" the effect of dyslexia on his job performance in May 2019.[5] ID at 11; IAF, Tab 29 at 84, 116. After declining the offer of dictation software in February 2019, stating that it was not yet necessary, he requested an accommodation for reduced clinical hours and additional training

---

[4] In his petition for review, the appellant continues to list torticollis as one of his medical conditions. PFR File, Tab 1 at 7, 8. However, he does not specifically challenge the administrative judge's finding, based on the appellant's testimony, that his symptoms of torticollis were adequately managed with medication. ID at 8-9. We observe no reason to disturb this finding.

[5] Dr. C. also recommended accommodations of alternative modes of acquiring information, such as access to recorded materials, and the provision of extra time to perform reading and writing-related tasks. IAF, Tab 29 at 84.

on clinical notetaking in May 2019; however, the agency removed the appellant and certified that it had not determined whether any accommodation was possible because the appellant had not provided medical evidence.[6] IAF, Tab 29 at 84, 89, 116-17. In his petition for review, the appellant argues that he "ran out of time" to try the dictation software offered by the agency because it chose to remove him, thereby "refus[ing] to accommodate him." PFR File, Tab 1 at 15; IAF, Tab 29 at 8, Tab 30 at 13; HR (testimony of the appellant). However, the relevant question is whether the agency is *unable* to reasonably accommodate the appellant, not whether it has refused to accommodate him, and we find that the appellant has not proven the former. *See Dec*, 47 M.S.P.R. at 79.

The appellant presents Dr. C.'s March 1, 2021 opinion that *no* accommodation would have enabled the appellant to be fully successful in his position, which was drafted in response to OPM's denial of his disability application. IAF, Tab 31 at 230, 234. We find this opinion unpersuasive because it is unsupported and inconsistent with his May 2019 opinion, which was contemporaneous with his psychological evaluation of the appellant. IAF, Tab 29 at 83-84. We find that the appellant has not proven that the agency was unable to accommodate his medical conditions with dictation software and/or other accommodations.

Lastly, we note the appellant's argument on review that the administrative judge penalized him for having worked successfully with underlying disabilities by using compensation strategies in prior, equivalent Social Worker positions. PFR File, Tab 1 at 17; ID at 9-12. To the extent that the administrative judge suggests that the appellant should have employed compensation strategies that

---

[6] An agency is not required to lower a production standard; however, it may do so if it wishes. Equal Employment Opportunity Commission Enforcement Guidance on Reasonable Accommodation and Undue Hardship under the Americans with Disabilities Act, Notice No. 915.002, (Oct. 17, 2002), http://www.eeoc.gov/policy/docs/accommodation.html (last visited Aug. 6, 2024). Furthermore, an agency is not required to provide the reasonable accommodation that the individual wants, but it may choose among reasonable accommodations as long as the chosen accommodation is effective. *Id.*

allowed him to perform successfully in the past, such as working through lunch, we vacate this finding.  ID at 10, 12.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:      _____
                          Gina K. Grippando
                          Clerk of the Board

Washington, D.C.